NO. 07-10-00296-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 13, 2011

SCOTTIE DWAYNE HADNOT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY;

NO. 47,179-A; HONORABLE ROBERT P. BROTHERTON, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Scottie Dwayne Hadnot, appeals his conviction by a jury of possession of a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams.[1] After finding the one enhancement count in the indictment true, the jury subsequently sentenced appellant to a term of confinement of 40 years in the Texas Department of Criminal Justice-Institutional Division. Appellant appeals the judgment contending that the evidence is insufficient to support the jury's conclusion that he had

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) & (d) (West 2010).

exercised actual care, custody, control, or management over the cocaine.[2]  We will affirm the judgment of the trial court.[3]

## Factual and Procedural Background

On January 4, 2008, Officer Gabriel Vasquez III and Officer Henry Saenz of the Wichita Falls Police Department were on patrol when they encountered a brown Cadillac being driven by appellant.  As Vasquez and Saenz watched, the Cadillac moved from one lane of traffic to another without signaling intent to change lanes.  Saenz was driving the police vehicle and turned on the emergency lights in an effort to stop the Cadillac for failure to signal intent to change lanes.  Appellant did not stop when the emergency lights were turned on.  Vasquez attempted to stop the Cadillac by using the emergency air horn.  Still the Cadillac did not stop.  The officers continued in pursuit of the Cadillac for half of a mile before it stopped.  Upon the Cadillac coming to a stop, the passenger side door came open, and the passenger fled west from the scene.  As Vasquez got out of the police car, appellant came out of the driver's side door and fell down.  Instead of staying on the ground as ordered, appellant got to his feet and fled.  Vasquez and Saenz pursued appellant.  While pursuing appellant down a

---

[2] Appellant was also convicted of evading arrest or detention by use of a vehicle and sentenced by the jury to 18 months confinement in a State Jail Facility.  See TEX. PENAL CODE ANN. § 38.04(a), (b)(1) (West 2011).  Appellant's notice of appeal and statement in his brief contends he is appealing that conviction also.  However, appellant does not brief any issues regarding the conviction for evading arrest or detention.  Accordingly, nothing is presented for our consideration on appeal.  See TEX. R. APP. P. 38.1(i).

[3] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the 2nd Court of Appeals.  See TEX. GOV'T CODE ANN. § 73.001 (West 2005).

particularly dark part of the street, Vasquez testified, he used his flashlight and observed appellant make a furtive gesture to the waistband of his pants. Appellant continued to run until he fell while fleeing.

As Vasquez and the other officers reached appellant, appellant continued to struggle while attempting to prevent the officers from trying to handcuff him. After subduing appellant, Vasquez searched him and found a prescription pill bottle in appellant's front left pants pocket. Upon opening the pill bottle, Vasquez found a clear plastic bag with a white rock-like substance in it. Additionally, the search of appellant yielded a red cell phone, a plastic bag containing a green leafy substance, and $190 in cash. After taking appellant into custody, Vasquez shined his flashlight in the area where appellant had been on the ground and found a second prescription pill bottle that also contained a plastic bag with a white rock-like substance in it. Vasquez testified that as he was walking appellant back to the police car to be transported to jail, appellant made the statement, "I did not drop anything else. All I had was crack."

Testimony at trial revealed that both pill bottles had a cap on them that bore the Wal-Mart and Sam's Club name. Both pill bottles were taken into custody and the contents subsequently turned over to the Department of Public Service (DPS) Laboratory in Abilene, Texas, for analysis. The forensic chemist from the DPS testified that the white rock substance was cocaine and the combined weight was 58 grams.

Appellant testified in his own behalf and declared that he had possessed the one pill bottle taken from his front left pants pocket. He stated he knew nothing about the pill

bottle found on the ground where he had fallen. Additionally, appellant testified that the $190 was money his mother gave him from her income tax refund.

After hearing the evidence, the jury convicted appellant of possession of a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams and sentenced him to 40 years confinement in TDCJ-ID. Appellant appeals that conviction claiming that the evidence to show he possessed the second pill bottle was insufficient. We disagree and affirm the conviction.

## Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). We measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). Finally, when reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See Brooks v. State, 323 S.W.3d 893, 907 n.26 (Tex.Crim.App. 2010) (discussing Judge Cochran's dissent in Watson v. State, 204 S.W.3d 404, 448-50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review).[4]

_____

[4] We note that this Court has at times quoted Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988), for the proposition that we had to uphold the verdict of the

4

Analysis

Possession of a Controlled Substance

To prove possession of a controlled substance, the State is required to prove the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew the matter he possessed was contraband. See Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005); see also TEX. HEALTH & SAFETY CODE ANN. § 481.002 (38) (West 2010). The evidence must establish the accused's connection with the controlled substance was more than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).

Courts have found numerous factors useful in determining whether an accused's link to a controlled substance was more than just fortuitous. Affirmative links may include, but are not limited to: (1) appellant's presence when the contraband was found; (2) whether the contraband was in plain view; (3) appellant's proximity to and accessibility of the contraband; (4) whether appellant was under the influence of narcotics when arrested; (5) whether appellant possessed other contraband when arrested; (6) whether appellant made incriminating statements when arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9) whether there was an odor of the contraband present; (10) whether appellant owned or had the right to possess the place where the drugs were found; (11) whether the place

jury unless it was irrational or unsupported by more than a mere modicum of evidence. We view such a statement, insofar as a modicum of evidence being sufficient evidence, as contrary to a rigorous application of the Jackson standard of review urged by the Court in Brooks.

5

the drugs were found was enclosed; (12) the amount of contraband found; (13) whether appellant possessed weapons; and (14) whether appellant possessed a large amount of cash. Taylor v. State, 106 S.W.3d 827, 831 (Tex.App.—Dallas 2003, no pet.). It is not the number of factors present that is important but the logical force of these factors which determines whether the State's evidence links appellant to the contraband. See Gilbert v. State, 874 S.W.2d 290, 298 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

Application to the Facts

In the case before the Court, the record supports the following links that connect appellant to the cocaine: (1) appellant was located on the ground within immediate grasp of where the second pill bottle was found; (2) the cocaine was immediately accessible to appellant; (3) appellant had another pill bottle that contained cocaine and a bag of marijuana on his person when taken into custody; (4) appellant told Vasquez that all he had on him was crack cocaine; (5) appellant attempted to flee, first in a car and then on foot; (6) appellant continued to resist arrest, even after three officers were able to lay hands on him after appellant had fallen; (7) while being pursued on foot appellant made furtive gestures at the waist area of his pants; (8) appellant had $190 in cash on him, yet admitted during testimony that he did not have and had never had a job. From this evidence, we can conclude that appellant's connection to the second pill bottle was more than just fortuitous. See Brown, 911 S.W.2d at 747. Further, the logical force of these enumerated factors links appellant to the second pill bottle. See Gilbert, 874 S.W.2d at 298. Therefore, we find the jury's verdict to be a rational finding. See Brooks, 323 S.W.3d at 907 n.26. Accordingly, appellant's single issue is overruled.

6

Conclusion

Having overruled appellant's single issue, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.